VIRGINIA:

IN THE FAUQUIER COUNTY CIRCUIT COURT

| | |
|---|---|
| YOLANDA E. BRITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CL10-746 |
| v. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY ) | |
| Serve: CT CORPORATION ) | |
|    4701 Cox Road, Ste. 301 ) | |
|    Glen Allen, Virginia 23060 ) | |
| ) | |
| and ) | |
| ) | |
| LITTON LOAN SERVICING, L.P. ) | |
| ) | |
| and ) | |
| ) | |
| FREMONT INVESTMENTS & LOAN ) | |
| (FREMONT REORGANIZING ) | |
| CORPORATION) ) | |
| Serve: CT CORPORATION ) | |
|    4701 Cox Road, Ste. 301 ) | |
|    Glen Allen, Virginia 23060 ) | |
| ) | |
| and ) | |
| ) | |
| SAMUEL I. WHITE, P.C. ) | |
| Serve: Registered Agent ) | |
|    5040 Corporate Woods Drive ) | |
|    Suite 120 ) | |
|    Virginia Beach, Virginia 23462 ) | |
| ) | |
| and ) | |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC. ) | |
| Serve: Sharon Horstkamp ) | |
|    1818 Library Street, Ste 300 ) | |

FILE AT 1:06 P M
NOV 15 2010

EXHIBIT A

Reston, Virginia 20190         )
                               )
         Defendants.            )

## PETITION TO SET ASIDE FORECLOSURE SALE

COMES NOW Defendant, YOLANDA E. BRITTLE, by and through counsel, pursuant to VA. CODE ANN. § 55-59.2, and hereby petitions the Court to set aside the foreclosure sale conducted on February 2, 2010, and to award her damages against Defendants.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to VA. CODE ANN. § 8.01-328.1 in that Defendants have such minimum contacts with the Commonwealth of Virginia that the maintenance of this action does not offend traditional notions of fair play or substantial justice.

Defendants have all conducted business within Fauquier County, Virginia.

Fauquier County is the proper venue for this action pursuant to VA. CODE ANN. § 8.01-257, as it is a convenient forum for the parties and potential witnesses in this action, and justice can be administered in this forum without prejudice or delay.

## PARTIES

Defendant FREMONT INVESTMENTS & LOAN ("Fremont") was the original lender who financed Plaintiff's purchase of the subject real property located at 4763 Winchester Road, The Plains, Virginia 20198 (the "Property").

Defendant LITTON LOAN SERVICING, L.P. ("Litton") is a Texas company that apparently is not licensed to conduct business in Virginia. On or about May 12, 2008, Fremont sent to Plaintiff a Notice of Assignment, Sale, or Transfer of Servicing Rights in which Fremont transferred its rights to service the loan on the Property to Litton.

Defendant SAMUEL I. WHITE, P.C. ("White") is a Virginia corporation, and was the Trustee who conducted the foreclosure sale that took place on or about February 2, 2010.

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche Bank") is the company to whom title to the Property was conveyed after the foreclosure sale on February 2, 2010. It is unclear what relationship Deutsche Bank had to the other parties in this case.

Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) is a corporation that purported to act as an assignee of Fremont and mortgagee under the Deed of Trust Fremont held on the Property; MERS signed a Deed of Foreclosure purporting to transfer ownership of the Property from Plaintiff to Deutsche Bank.

## STATEMENT OF FACTS

1. On or about August 23, 2008, Plaintiff purchased the Property and obtained a loan for the purchase from Fremont in the amount of $525,000, with an annual adjustable interest rate of 9.55 %, beginning October 1, 2006. On or about August 18, 2006, Plaintiff signed an Adjustable Rate Note ("Note"), and a Deed of Trust securing the Note.

2. At sometime during 2007, Plaintiff began receiving notices of foreclosure sales and offers to modify the terms of the mortgage. Each of the various dates scheduled for the foreclosure sale were cancelled, and Fremont, through Litton, continued to make offers to Plaintiff to modify the terms of her loan with Fremont. On at least one occasion, Plaintiff accepted Litton's offer to modify the loan.

3. On or about February 2, 2010, after advertising yet another foreclosure sale in the Culpeper Star-Exponent for one day, a newspaper located in Culpeper County, Virginia, White conducted a foreclosure auction in Fauquier County, Virginia. There were no bidders on the property; in fact, no auction was conducted at all. Instead, White and MERS signed a Deed of

Foreclosure date on or about February 18, 2010, purporting to transfer ownership of the Property to Deutsche Bank.

4. The foreclosure was instituted and the sale conducted without court intervention or approval. Plaintiff was notified of the auction less than three weeks before the date of the auction. On January 22, 2010, after Plaintiff had already been notified of the pending foreclosure sale, Litton sent Plaintiff a letter advising Plaintiff that her interest rate and monthly principal and interest payment would be adjusted on March 1, 2010, which was approximately one month after the foreclosure sale was scheduled to take place. At the time of the foreclosure sale on February 2, 2010, Plaintiff was still in the process of negotiating the modification of her loan with Fremont, through its agent, Litton.

5. The auction was advertised only in Culpeper County, and not in Fauquier County, where the Property is located. White, who conducted the sale, was not properly appointed as Trustee to conduct the foreclosure. White was also a debt collector who had attempted to collect a debt from Defendant.

6. However, if White was in fact properly appointed as Trustee to sell the Property, White at all times during the foreclosure process, including the sale or transfer of the Property after the February 2, 2010 foreclosure sale, owed a fiduciary duty of loyalty to Plaintiff.

COUNT I
Violation of VA. CODE ANN. § 55-59.2

7. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

8. Section 55-59.2 of the Code of Virginia sets out very specific advertising requirements that apply to foreclosure sales. These requirements include the following[1]:

---

[1] The Deed of Trust signed by Plaintiff contains the identical requirements.

    a. The advertisement must be placed in "a newspaper having a general circulation in the city or county wherein the property to be sold, or any portion thereof, lies";

    b. "[I]f such advertisement be inserted on a weekly basis it shall be published not less than once a week for two weeks";

9. The advertisement for the sale was placed in a newspaper over 30 miles from the Property, a newspaper that does not have "general circulation" in the county of Fauquier, where the Property is located. At all times relevant to this case, Fauquier County, Virginia had at least one newspaper with general circulation in the county.

10. By placing the advertising for the foreclosure sale in a newspaper in another county, a newspaper without general circulation where the Property was located, White violated the terms of Va. Code Ann. § 55.59.2. Pursuant to this statute, the foreclosure sale should be set aside and the Deed of Foreclosure recorded in the land records as a result of the sale, should be set aside as void.

11. Upon information and belief, White ran the advertisement for the foreclosure sale for only one week, and not the two consecutive weeks required under the statute. In a previous foreclosure notice for a sale that White cancelled, White specifically requested that the advertisement be run "once a week for two (2) weeks," and specified the dates. However, in the notice of the foreclosure sale on February 2, 2010, White did not ask the newspaper to run the advertisement for two weeks.

12. By placing the advertisement in the newspaper for only one week, White violated the terms of Va. Code Ann. § 55.59.2. Pursuant to this statute, the foreclosure sale shall be set aside and the Deed of Foreclosure recorded in the land records as a result of the sale shall be set aside as void.

13. If the sale is set aside as allowed by this statute, it will be with minimal prejudice to Defendants, who could then proceed with the foreclosure properly, in order to cure the defects set out herein in indeed they can.

## COUNT II
### Breach of Fiduciary Duty

14. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

15. The Trustee who advertised and conducted the foreclosure sale on February 2, 2010, White, was never properly appointed as Substitute Trustee under the Note or Deed of Trust, and therefore the foreclosure sale was conducted without authority under the Promissory Note signed by Plaintiff. As a result, the foreclosure sale is void, and should be set aside. *See Deep v. Rose*, 364 S.E.2d 228, 234 Va. 631 (1988).

16. However, if the Court determines that White was properly appointed as Trustee to conduct the sale, then White had a fiduciary duty to Plaintiff to protect her interest. White breached that duty by failing to place the advertisement in the Fauquier Times-Democrat, the newspaper with the largest general circulation in Fauquier County, Virginia, where the Property is located; by failing to place "such additional or any different form of advertisement the Trustee deems advisable" in any newspaper whatsoever; by conducting the sale even while attempting to collect a debt from Plaintiff, as White admitted in the very advertisement for the sale; and by failing to make any real effort to sell the Property for the highest possible price.

17. As a direct and proximate result of White's breach of his fiduciary duty to Plaintiff, Plaintiff suffered damages of $200,000. This amount is the difference between the price at which White transferred the Property to Deutsche Bank, and the price the Property would have fetched had White acted diligently to sell it.

18. In the event that the foreclosure sale is not set aside, Plaintiff will request $200,000 in damages from White.

## COUNT III
### Violation of the Truth in Lending Act (15 U.S.C. § 1601 et seq.)

19. Plaintiff hereby incorporates the foregoing paragraphs as if set forth fully herein.

20. Defendants Fremont and Litton is governed by the federal Truth in Lending Act (15 U.S.C. § 1601 et seq.) (TILA).

21. Defendants Fremont and Litton violated TILA by making offers to Plaintiff to modify the mortgage on the Property that contained material misrepresentations, including the representation that Plaintiff was approved for a modification when, in fact, Plaintiff had not been approved; the representation that Plaintiff was not to make mortgage payments pending the modification; and inaccurate representations as to the amount of her modified mortgage principle and payments.

22. Plaintiff relied on these representations.

23. As a result of Fremont's and Litton's violations of the TILA, Plaintiff was led to believe that her loan was being modified; that she was not required to continue making mortgage payments; that her monthly mortgage payment would be lower; and that the threatened foreclosure sale scheduled for February 2, 2010 would be cancelled, just as the prior two or three sales had been cancelled.

WHEREFORE, the foregoing considered, Plaintiff prays that the Court set aside the foreclosure sale that took place on February 2, 2010; declare the Foreclosure Deed described herein to be void; award Plaintiff damages from Defendants Fremont, Litton and White in the amount of $200,000, jointly and severally; award Plaintiff attorney's fees from Fremont and

Litton in an amount to be proven at trial; schedule this matter for a jury trial; and grant Defendant such further relief as the Court deems just.

                                                Respectfully submitted,

                                                YOLANDA E. BRITTLE

                                                By counsel:

_____
August McCarthy, Esq.
1 Wall Street
Warrenton, Virginia 20186
540-222-6216
866-222-6480 fax
Counsel for Plaintiff