# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

|  |  |  |
|---|---|---|
| YOLANDA E. BRITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv339 (LMB/TRJ) |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMP., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6)

COMES NOW Plaintiff, through counsel, and files her opposition to the Motion to Dismiss under Rule 12(b)(6) filed by Defendants on or about July 5, 2011.

When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The complaint need only contain facts sufficient to state a claim that is "plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Coleman v. Md. Ct. of Apps., 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted). And if there is any doubt as to the sufficiency of the complaint, then "all reasonable inferences" must be drawn in favor of the complainant. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The Petition filed by Plaintiff in the state court meets this standard. It gives Defendants fair notice of what the claims are and the grounds upon which they rest. Defendants' own Demurrer amply demonstrates that Defendants are well aware of the nature of the claims against them. The Demurrer

recites the claims at such length and with such insight that it is obvious on the face of the Demurrer that Defendants are very clear as to what Plaintiff is claiming.

Count I

As to Count I, Defendants claim that, because the circuit court lacks jurisdiction to determine whether a newspaper meets the qualifications under VA. CODE ANN. § 8.01-324(A), and because Plaintiff did not allege a second-class mailing permit under § 8.01-324(B), Plaintiff's claim that Defendants violated Va. Code Ann. § 55-59.2 is somehow deficient. This reasoning is faulty.

First of all, this case is no longer in the state court, and therefore this entire argument regarding the jurisdiction of the circuit court is moot.

Secondly, Plaintiff's allegations are sufficient to state a claim for violation on Va. Code Ann. § 55-59.2. Defendants claim that Plaintiff's claims under Count I "focus solely on the fact that the newspaper is not located in Fauquier County." This claim is a misstatement of the allegations in the Petition. Plaintiff's Petition alleges that the newspaper in which Defendant Samuel White, P.C. advertised the foreclosure sale at issue in this case did not have general circulation in Fauquier County, Virginia, where the subject property is located. That allegation is sufficient to allege a violation of § 55-59.2. The Petition does not claim, as Defendants contend, that the basis for the allegation that the newspaper did not have general circulation in Fauquier County, is that the newspaper's office is not located in the same county as the subject property. The Petition simply does not rest its § 55-59.2 violation claim on the proximity of the newspaper and the subject property. The allegation that the newspaper in which the foreclosure notice was published did not have general circulation in the county in which the subject property is located is sufficient to survive Defendants' Demurrer.

Defendants recite a series of criteria from opinions in which courts from other states have ruled on the requirements for general circulation of a newspaper. This argument is misapplied in the context of a Demurrer of Motion to Dismiss under rule 12(B)(6). Not only are the cases cited by Defendants not binding in this Virginia case, but the issues raised in these opinions are factual issues that cannot be resolved on a motion to dismiss. Whether the paper had general circulation in Fauquier County, Virginia

is a matter for the fact-finder.  The only question for this Court is whether the Petition alleges facts sufficient to state a cause of action.  The Petition alleges that the newspaper did not have general circulation, and for the purpose of this motion, the Court must take that factual statement as true. *Erickson*, 551 U.S. at 94.  The Petition is sufficient to survive the Demurrer.

The Petition alleges that the newspaper notice violated § 55-59.2 because it was not run in the paper for two consecutive weeks as required by the statute.  Defendants' claim that the Petition does not state this is mistaken.

Count II

Defendants claim that the Petition does not "elaborate" on the claim that the substitute trustee was not properly appointed.  However, the Petition need not descend into "supporting facts" to be sufficient to place Defendants on notice of the claims against them.  *See Coleman*, 626 F.3d at 190.  It is unclear how Plaintiff could "elaborate" on this claim as Defendants seem to demand.  The Petition alleges that the trustee was not properly appointed under the deed of trust.  The Petition cites a Virginia Supreme Court case, Deep v. Rose, 364 S.E.2d 228, 234 Va. 631 (1988).  This factual allegation, coupled with a binding Virginia Supreme Court opinion, is sufficient to state the nature of the claim that the trustee was not properly appointed and the ground upon which the claim rests.

Defendants argue that the Petition does not allege adequate facts to make out a claim for breach of fiduciary duty. Defendants' argue that under Whitlow v. Mountain Trust Bank, 207 S.E.2d 837, 215 Va. 149 (1974), a trustee must only refrain from putting their own interests at odds with the interests of Plaintiff.  Whitlow does not set out an exhaustive list of prohibits acts of a trustee in a foreclosure.  The court in Whitlow, in fact, made a more general statement of the duties of a trustee:  "The general rule concerning the position of a trustee under a deed of trust is that the trustee is a fiduciary for both debtor and creditor and must act impartially between them. (internal citations omitted).  In other words, the trustee had a fidicuary duty to Plaintiff.  This duty was alleged in the Petition.  The Petition further alleged that the trustee violated that duty in

a number of ways that were specifically set out in the Petition.  Whether these allegations are true is a matter to be decided by the fact finder, and not on motion to dimiss.  For the purpose of the Demurrer, the Court must take the allegations as true.

<u>Count III</u>.

Defendants allege that Plaintiff's allegations of violations of the Truth in Lending Act do not state violations of the "required disclosures" of the Act.  Defendants' argument considers only the initial disclosures of the Act, and does not address the problem raised in the Petition, namely, that Defendants made material misrepresentations to Plaintiff, thereby misleading her and causing her damages.  Plaintiff's allegations are sufficient to state a claim for a violation of the Act.  Moreover, because Defendants have failed to state any further objections to the Petitions, no further sections of the Act should be considered.

WHEREFORE, Plaintiff moves the Court to deny Defendants' Motion to Dismiss; and grant her such further relief as the Court deems appropriate and just.

> Respectfully submitted,
>
> YOLANDA E. BRITTLE

By Counsel:

_____
August McCarthy, Esq.
Virginia Bar No. 68414
1 Wall Street
Warrenton, Virginia 20186
540-222-6216
866-222-6480 fax
amccarthy@themccarthyfirm.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on this 2nd day of August, 2011, a true copy of the foregoing was sent via first-class mail, postage prepaid, to

Christopher L. Walker, Esq.
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
757-497-2802
757-490-1193 fax

_____
August McCarthy