**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| YOLANDA E. BRITTLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEUTSCHE BANK NATIONAL )<br>TRUST COMPANY, *et. al.* )<br>)<br>Defendants. ) | Case No.: 1:11-cv-339 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS

COMES NOW the Defendants, Deutsche Bank National Trust Company (hereinafter "Deutsche"), Litton Loan Servicing, L.P. (hereinafter "Litton"), Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), Samuel I. White, P.C. (hereinafter "SIWPC"), by counsel, and in support of its Motion for Sanctions pursuant to Rule 37(b)(2)(A) and Rule 37(c)(1) ("Motion for Sanctions") states as follows:

## FACTS

On April 6, 2011 this Court issued an Order ("April 6, 2011 Order") setting a Rule 16(b) Pretrial Conference ("Pretrial Conference") and among other things directing the parties to arrange for "disclosures required by Rule 26(a)(1), and to develop a discovery plan which will complete discovery by August 12, 2011."(See April 6, 2011 Order). On April 19, 2011 the Defendants' counsel prepared a Proposed Discovery Plan pursuant to Rule 26(f) ("Discovery Plan") and after multiple attempts to confer with counsel for the Plaintiff was eventually able to submit the Discovery Plan containing the Plaintiff's attorney's signature on April 21, 2011.[1] On

---

[1] Defendants' Attorney sent two emails to Plaintiff's counsel in attempts to confer with him regarding in accordance with the April 6, 2011 Order. A copy of the two emails is attached hereto as Exhibit "A".

April 27, 2011 the Pretrial Conference was held and this Court entered a Rule 16(B) Scheduling Order ("Scheduling Order"). By its term and among other things the Scheduling Order approved the Discovery Plan. (See Scheduling Order ¶ 1(c)). According to the Discovery Plan the Plaintiff and Defendants were to make "initial disclosures pursuant to Rule 26(a)(1) within Fourteen (14) days after the pretrial conference". (See Discovery Plan ¶ 1). On May 11, 2011 the Defendants emailed their Rule 26(a)(1) disclosures to the Plaintiff. Plaintiff did not provide the Defendants with a copy of her Rule 26(a)(1) disclosures until they were filed electronically on August 18, 2011.[2]

The Discovery Plan also provided that the Plaintiff was to serve "expert disclosures and reports upon Defendants on June 13, 2011". (See Discovery Plan ¶ 4). However, the Plaintiff failed to serve or file any disclosures or reports required by the Scheduling Order and Discovery Plan on or before June 13, 2011. In fact, the Plaintiff has yet to file any expert disclosures or reports of any kind to date. According to the Discovery Plan the discovery period expired on August 12, 2011.

## ARGUMENT

**I. Standard of Review:**

Rule 37(b)(2)(A) reads in pertinent part: "If a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Rule 37(b)(2) goes on to list the kinds of orders that the Court may issue in response to a party's failure to obey an order of the court, as follows:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[2] Although the Plaintiff has filed Document 22 under the title "Witness and Exhibit List" and represented it in open Court as such it is really her Rule 26(A)(1) disclosures.

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*. In determining whether to enforce sanctions under Rule 37(b)(2)(A), the Fourth Circuit has developed a four-part test: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Nettles v. Costco Wholesale Corp., Inc.*, 2006 WL 3299990 (E.D.Va. 2006) (Citing *Anderson v. Found. for Advancement,* 155 F.3d 500, 504 (4th Cir.1998)).

> Under Rule 37(c)(1):
>
> "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

FED. R. CIV. P. 37(c)(1). Generally, under the rule, when a party "fails to properly designate a witness" that party may not use the expert at trial. (See *Campbell v. U.S.*, 2011 WL 588344

(E.D.Va.)) (Citing, FED. R. CIV. P. 37(c)(1)). However, the rule provides a limited exception for cases where "the failure was substantially justified or is harmless." *Id*. The Fourth Circuit employs a five factor test in determining whether a violation of Rule 26(a) is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered, (2) the ability of that party to cure the surprise, (3) the extent to which allowing the explanation would disrupt the trial, (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. (Citing *States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir.2003)).


**II. The Plaintiff's case should be dismissed under Rule 37(b)(2)(A), because she failed to comply with the Scheduling Order and Discovery Plan.**

The facts clearly show that the Plaintiff failed to comply with the Scheduling Order and Discovery Plan, but the important question for the court is whether the Plaintiff's actions, viewed in the light of the four part-test, warrants the imposition of sanctions under Rule 37(b)(2)(A). In *Nettles v. Costco Wholesale Corp., Inc.,* 2006 WL 3299990 (E.D.Va. 2006), the Alexandria Division of the U.S. District Court for the Eastern District of Virginia applied the test to a case with similar facts as this current matter. In that case the *pro se* Plaintiff filed a personal injury claim in Fairfax Circuit Court and the matter was subsequently removed to the Eastern District of Virginia. The Court found several instances of misconduct in the record which, as the Court stated, "plainly reflects that plaintiff elected from the outset, to ignore both the Courts July 25 Order and the Scheduling Order as well as the Federal Rules of Civil Procedure." *Id*. In applying the elements of the four-part test the Court decided that dismissal of the case was appropriate because it found that the Plaintiff acted in bad faith by "willfully ignoring both the July 25 Order

and the Scheduling Order and failed to provide the Plaintiff with timely discovery." *Id*. at 4.[3]

The Court also found that the pro se plaintiff's noncompliance prejudiced the defendant stating:

> As a result of plaintiff's conduct, defendant has not been able to issue subpoenas for documents, interview witnesses, schedule depositions, select experts, or provide expert disclosures. By any standard, defendant will be unfairly prejudiced absent dismissal. Certainly plaintiff's failure to provide even the most basic information until well after the discovery period had ended is inexcusable and should not be countenanced. This behavior warrants dismissal for purposes of deterrence and to avoid unfair prejudice to defendant.

*Id*. at 4. In determining whether less drastic sanctions can be effective the Court reasoned that precluding the introduction of the plaintiff's evidence would be in effective, because it would have limited the plaintiff's evidence to her testimony. Ultimately, the Court decided that "[a]ny lesser sanction than dismissal would only serve to reward Plaintiff's dilatory actions and encourage others to disregard procedural requirements" *Id.* (Quoting *Wyche v. Virginia State University*, 2005 WL 1126829 (E.D.Va. 2005)).

The facts in this case are congruent with those in *Nettles* and therefore the results should

---

[3] The record in the case showed that the:
"(i) Plaintiff never conferred with defendant to develop a discovery plan, despite repeated efforts by defendant to contact plaintiff;
(ii) Plaintiff did not appear at the Rule 16(b) conference;
(iii) Plaintiff never submitted her Court-ordered Rule 26(a)(1) initial disclosures, which were due on or before August 30, 2006;
(iv) Plaintiff never responded to defendant's Interrogatories until the October 20, 2006 hearing on this matter, long after the close of discovery, and even then the responses were largely inadequate;
(v) Plaintiff never responded to defendant's Requests for Production of Documents until the October 20, 2006 hearing on this matter, long after the close of discovery, and even then, only a small number of the requested documents were provided;
(vi) On September 13, 2006, well past the deadline for plaintiff's Rule 26(a)(1) disclosures, plaintiff informed defendant that just the previous week she had requested medical records relating to the accident, yet she never produced any medical records;
(vii) On September 13, 2006, well past the deadline for plaintiff's Rule 26(a)(1) disclosures, plaintiff informed defendant that she had not yet obtained any medical bills related to her treatment allegedly arising from the accident, yet she never produced any medical bills until the October 20, 2006 hearing on this matter; and
(viii) Defendant sought to take plaintiff's deposition and plaintiff agreed to provide defendant a firm date for her deposition, but never did so."
*Id*. at 2.

be the same. In addition to failing to timely file her Rule 26(a)(1) disclosures and her expert disclosures and reports in accordance with the Scheduling Order and Discovery Plan, the Plaintiff has not only exhibited a lack of diligence in prosecuting this case, but has also shown a disregard of the Court's Order and the Federal Rules of Civil Procedure in other ways. The Plaintiff's actions in their totality evidence her bad faith.

First, Plaintiff's counsel failed to confer Defendants' counsel in accordance with the April 6, 2011 Order. After receiving the April 6, 2011 Order Defendants' counsel made an initial telephone call on or about April 7, 2011 to Plaintiff's counsel in an attempt to confer with him as mandated by the order, but was unable to contact with him. Subsequently Defendants' counsel sent an email to Plaintiff's counsel on April 12, 2011 in efforts to schedule a time to confer over the telephone. Included in that email was a copy of the April 6, 2011 Order for his reference. Plaintiff's counsel never responded to the Defendant's counsel's April 12, 2011 email, therefore Defendants' counsel prepared the Discovery Plan on his own and on April 19, 2011 at 11:43 a.m. emailed Plaintiff's counsel a copy of the plan and advised him of the deadline and provided him with yet another copy of the April 6, 2011 Order. Plaintiff's counsel did not return a signed copy of the discovery plan until 7:27 p.m. on April 19, 2011, which resulted in the Discovery Plan being filed one day late on April 21, 2011.

Second the Plaintiff failed to comply with this Court's July 5, 2011 Order granting the Defendants' Motion to Convert their Demurrer to a Motion to Dismiss under Rule 12(b)(6).[4] In that order the Court required that the Plaintiff to file an opposition to the Motion to Dismiss by July 20, 2011; however, not only did the Plaintiff fail to timely file the opposition to the Motion to Dismiss, but filed a Motion for an Extension of time seven days after the deadline to file the

---

[4] Document 12 on the Civil Docket case report for ECF.

opposition.[5] Subsequently, without a hearing on the motion, the Court granted the Plaintiff leave to file a late opposition to August 2, 2011.

Third, the Plaintiff has failed to file a response to the Counterclaim filed by Deutsche and Litton. On April 26, 2011, the Defendants filed a Counterclaim against the Plaintiff for damages in the amount of $62,071.10. The Plaintiff has failed to file any response to the Counterclaim within the time prescribed by Rule 13 of the Federal Rules of Civil Procedure, in fact, the Plaintiff has never filed a response.

The Plaintiff's actions in their totality evidence her bad faith. As the *Nettles* Court was clear in stating "a court is not authorized to dismiss a complaint when it has been established that a litigant's noncompliance with a pretrial production order was because of inability, rather than wilfulness, bad faith or fault." *Id.* (quoting *United States v. One Tract,* No. 95-1282, 1997 U.S.App. LEXIS 2875, at *8 (4th Cir.2002)). However, what is notable about the *Nettles* decision is that the Court found that the facts in that case were sufficient to find that the *pro se* Plaintiff failed to comply in bad faith. In this case with similar facts the Plaintiff is represented by counsel who is not only familiar with the Federal Rules of Civil Procedure but also executed the Discovery Plan on behalf of the Plaintiff. It would be impossible to believe that the non-compliance exhibited by the Plaintiff's counsel was due to inability. Rather, the behavior described in this case evidences a willful neglect by a party who has repeatedly exhibited an indifference to the Court's orders, the Federal rules and the penalties that accompany non-compliance with either.

The Plaintiff's failure to timely file her Rule 26(a)(1) disclosures or her expert witness disclosures and reports in accordance with the Scheduling Order and Discovery Plan was not

---

[5] See Document 17. It is also worth noting that the Plaintiff filed the motion in violation of Local Rule 7(F)(2), because the motion was not accompanied by a supporting brief.

only in bad faith, but her non-compliance has prejudiced the Defendants. As in *Nettles* the Defendants were unable to interview witnesses, schedule depositions, select experts, or provide expert disclosures as a result of the Plaintiff's conduct. In addition, because the Plaintiff's Complaint failed to attach any exhibits in support of her claims, the Defendants were also unable to evaluate the validity of those claims, develop a defense, and determine what other discovery requests to make. Combining these actions with the fact of the Plaintiff's delay in filing an opposition to the Defendants' Motion to Dismiss, the expiration of the discovery period on August 12, 2011, and the trial date being scheduled on September 15, 2011, the Defendants are at a great disadvantage and highly prejudiced in this matter. Also, as in *Nettles*, dismissal is appropriate as a deterrence of the Plaintiff's conduct and avoidance of "unfair prejudice" to the Defendants.

Given the circumstances of how this case has progressed and its current posture, any sanction short of dismissal would be ineffective in sufficiently addressing the Plaintiff's conduct in this case or in deterring others from engaging in like conduct. Since the discovery period has expired, a trial date scheduled and the Plaintiff submitted her Rule 26(a)(1) disclosures after expiration of the discovery period, a sanction staying further proceedings until the Plaintiff has complied is moot. Likewise any sanction finding the Plaintiff in contempt is also insufficient because it allows the Plaintiff to still benefit from her misconduct by proceeding to trial when the Defendants have been prejudiced by her behavior. Rendering a default judgment is also an insufficient sanction, because the Defendants would be only getting a monetary judgment, while the Plaintiff would still have an opportunity to try her case. Striking the pleadings or precluding the use of Plaintiff's evidence would ultimately have the effect of a dismissal because the only evidence the Plaintiff would be able to present at trial would be her testimony which would be

insufficient to establish her claims. Therefore, the only appropriate sanction in this case is dismissal.

**II. Pursuant to Rule 37(c)(1), the Plaintiff should be precluded from introducing any evidence listed in her Witness and Exhibit list or Rule 26(a)(1) disclosures.**

Once again there is no question whether the Plaintiff failed to meet her responsibilities under Rule 26(a); however, in determining whether to preclude the use of evidence or witnesses at trial, the question that must be answered is whether her failure to do so was substantially justified or harmless. The Eastern District had an opportunity to address this question in a case with facts similar to this case. In *Barksdale v. E & M Transp., Inc.*, 2010 WL 4534954 (E.D.Va. 2010), the Eastern District's Richmond Division ultimately imposed sanctions prohibiting the violating party, the defendant, from "using any information or witness improperly produced or disclosed as evidence" *Id.* at 4. The Court in *Barksdale* reached that decision by applying the five-factor test described aboved. The defendant in that case failed to submit its Rule 26(a)(1) disclosures until 10 days after the close of the discovery period and only 38 days before trial. Under the first prong of the test, "Surprise to the party", the defendant argued that the plaintiffs could not be surprised because they knew about or had access to the evidence presented in the defendant's 26(a)(1) disclosures. (See *Barksdale* at 3). The Court rejected this argument and reasoned that "to find otherwise would contravene the requirements of Rule 26(a), which required the Defendant to make available all documents in their possession, custody, or control and may use to support their claims or defenses" *Id.* at 3. The Court further remarked that the plaintiff's access to the evidence "does not abrogate Defendant's need to follow the federal rules and the rules of this Court" *Id.*

In applying the second, third and fourth prongs of the test the Court found: 1) that because the defendant did not submit its 26(a)(1) disclosures until ten days after the close of the discovery period, the plaintiffs had insufficient time to cure the surprise; 2) that evidence designated by the defendant would not disrupt the trial but would necessarily delay the trial to allow limited discovery by the Plaintiff; and 3) that the evidence, Plaintiff's timesheets, was important because it would be vital in proving or disproving the Plaintiff's allegations.[6]

Finally, in applying the fifth prong, the Court opined that the "only possible excuse presented to this Court is the Defendant's intention to file bankruptcy". *Id*. However, as the Court recognized, the Defendant ultimately never filed bankruptcy. More importantly, the Court recognized that the defendant "never sought relief from the Court's scheduling or other deadlines." *Id*.

In applying the *Barksdale* analysis of the first prong to this case any evidence available to the Defendants is immaterial in determining whether there is surprise. What *Barksdale* emphasizes is that the essence of the requirements under Rule 26(a) is to require the parties to disclose to each other evidence in their possession or witnesses which support their claims or defenses. This helps the parties to narrow the issues for trial and promote an efficient discovery process. Therefore, to wait until after the discovery period expires to make those disclosures, as the Plaintiff has done, is substantial surprise. This is because, even if the Defendants had access to items listed in the Plaintiff's disclosures, the Defendants would be forced to guess which items the Plaintiff would use to support her claims and to fashion discovery in the dark.

In this case there is now insufficient time to cure this surprise, because at the Final Pretrial Conference on August 18, 2011, the Court rejected the Defendants' counsel's request to extend the discovery period in light of the Plaintiff's late submission of its 26(a)(1) disclosures.

---

[6] The Plaintiffs filed under the Fair Labor Standards Act of 1938 29 U.S.C. § 201 *et seq*.

In fact, the Court then went on to set a trial date less than 30 days from the Defendants receipt of the 26(a)(1) disclosures.

As in *Barksdale* the only disruption the evidence will have in this case would be the necessity to allow the Defendants additional time to conduct discovery in response to the Plaintiff's disclosures. Additionally, the evidence consists of witnesses and documents which go to the heart of the Plaintiff's claims; therefore it is important to the case.

Finally, with regard to any possible explanation the Plaintiff could offer for failing to submit its disclosures until after the expiration of the discovery period, it should be noted that the Plaintiff has never requested any relief from the Court's scheduling or other deadlines to get more time to submit those disclosures. This is essential in this Court's assessment of the any explanation the Plaintiff offers. If the Plaintiff tries to offer an explanation at this late date without ever requesting such relief from the deadline should lend doubt to whether the explanation is genuine. Additionally, the Plaintiff's failure to timely submit its disclosures is consistent with her behavior throughout the progression of this matter which lends further doubt to any explanation offered.

## **CONCLUSION**

Thus based upon the arguments set forth in this Memorandum in Support of Motion for Sanctions, Plaintiffs' claims must be dismissed without leave to amend or at the least her evidence precluded from introduction at trial.

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, LITTON LOAN SERVICING, L.P., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND SAMUEL I. WHITE, P.C.**

By: /s/   Christopher L. Walker
   Christopher L. Walker, Esq. (VSB# 66758)
   SAMUEL I. WHITE, P.C.
   5040 Corporate Woods Drive, Suite 120
   Virginia Beach, Virginia 23462
   (757) 497-2802 – office
   (757) 490-1193 – facsimile
   cwalker@siwpc.com
   *Counsel for Defendants, Deutsche Bank National Trust Company, Litton Loan Servicing, L.P., Mortgage Electronic Registration Systems, Inc. and Samuel I. White, P.C.*

# CERTIFICATE OF SERVICE

This is to certify that on the 21st day of August, 2011, I caused a true copy of the foregoing Memorandum to be delivered upon the following:

| | |
|---|---|
| August McCarthy, Esq.<br>1 Wall Street<br>Warrenton, Virginia 20186<br>*Counsel for Yolanda E. Brittle* | |
| | |

 /s/   Christopher L. Walker
Christopher L. Walker, Esq. (VSB# 66758)
SAMUEL I. WHITE, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
(757) 497-2802 – office
(757) 490-1193 – facsimile
cwalker@siwpc.com
*Counsel for Defendants, Deutsche Bank National Trust Company, Litton Loan Servicing, L.P., Mortgage Electronic Registration Systems, Inc. and Samuel I. White, P.C.*